For the reasons stated herein, the petition for rehearing is respectfully denied.

**STATE of Tennessee, Appellee,**

v.

**Ulysses RICHARDSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 15, 1985.

Permission to Appeal Denied by Supreme Court Sept. 9, 1985.

Brett B. Stein, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Raymond S. Leathers, Asst. Atty. Gen., Nashville, Michael W. Hughes, John W. Overton, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

Ulysses Richardson appeals as of right from two (2) convictions for murder in the first degree, T.C.A. § 39–2–202, while employing a firearm, T.C.A. § 39–6–1710. He was sentenced to life imprisonment plus five (5) years on each conviction, all sentences to run consecutively.

In his first issue, appellant contends that the evidence does not support the convictions for first-degree murder. He urges that "in order for this Court to properly weigh the proof adduced by the State's proof in chief, it is necessary that a factual background be given to this Court which was adduced at the sentencing hearing."

First of all, we do not weigh the evidence on appeal. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). Our review of the sufficiency of the evidence entails a determination of whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e).

Secondly, in reviewing the sufficiency of the evidence, we must review only that evidence that was before the trier of fact. Because the jury did not reach its verdict based upon facts adduced at appellant's sentencing hearing, the sentencing hearing record is clearly irrelevant, is not probative, and will not be considered in determining whether the evidence supports appellant's convictions.

Appellant admits that the evidence supports one of the lesser-included offenses of either second-degree murder or voluntary manslaughter. He contends that his acts of murder were performed out of passion, not from premeditation. We will review the evidence to see if it supports the jury's implicit finding of premeditation.

On the night of January 4, 1983, Ernest Chambers and his wife had gone to the apartment of their neighbors, the Littlefield's, located on Ketchum Road in Memphis, Tennessee, to play cards. After hearing shots fired, Mr. Chambers looked out the back door and saw a light-complected black man with a short Afro, approximately 5 feet 6 inches tall, 130 pounds, 27 years old, wearing a black leather jacket and dark pants, run past. The man was placing his right hand into his jacket pocket. The next day at a lineup Mr. Chambers identified appellant as the man who ran past him.

Robert Littlefield, a State's witness, heard shots, went to his window, and saw a man walking very fast by the window. The next day, he identified appellant at the lineup as the man he had seen. He also saw a body partially outside of his next-door neighbor's, Betty Richardson's, kitchen door. He had seen appellant before, knocking on Ms. Richardson's door to let him in, but she would not. He identified appellant in court as the man he had seen go by his window.

Mrs. Doris Littlefield testified that she had seen appellant kick his estranged wife's window in, on a prior occasion.

Officer J.L. Todd arrived first on the scene finding Betty Richardson slumped against the wall in her bedroom. The other victim, Charles Vanson, was found face-down at the kitchen door. A paramedic testified that both victims were dead when he arrived.

Bobbie Haley, Betty Richardson's older sister, testified that Ms. Richardson and appellant had been bickering in the summer of 1982. Appellant had told her that he loved his wife and wanted her (Ms. Haley) to help him get his wife back. He told her that if he could not have her (Betty Richardson), then they (her family) could not have her either. Ms. Haley stated: "He said that we 'might as well get your black dresses out,' he said, 'because it's going to be either you-all walking behind her casket' or my mother's casket." She also related that appellant had injured his wife before. After a divorce had been filed, appellant told Ms. Haley that he wasn't going to let her (Mrs. Richardson) go. "He said, 'I'm not going to lose her to nobody.'"

Betty Richardson's attorney in the divorce proceedings testified that appellant said that he was going to continue beating his wife until she acted right. He was very calm and especially cold.

An autopsy revealed that Mrs. Richardson had received two gunshot wounds in the top of the head and one in the abdomen. An autopsy of Charles Vernon revealed that he also had been shot three times, once in the throat and twice in the head.

Appellant put on proof of an alibi defense, consisting of testimony by his friends and relatives.

On appeal, all conflicts in the testimony are resolved in favor of the State, which is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage, supra* at 835. Appellant's prior threats support a finding of premeditation. In addition, the fact that appellant inflicted repeated shots upon each victim is a circumstance from which an inference of premeditation may be drawn. *State v. Story,* 608 S.W.2d 599 (Tenn.Crim.App.1980). We conclude that any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia, supra;* T.R.A.P. 13(e). This issue is overruled.

Next, appellant asserts that the trial court erred by not granting a mistrial due to a remark made by the prosecutor during closing argument. The prosecutor made the following comment:

Ladies and gentlemen, I submit to you, not a single time that you heard those descriptions did you see a look of sorrow on that face, did you see anything in the eyes of that man that would indicate I'm hurting—

Appellant promptly objected, and the trial court sustained the objection. The trial court instructed the jurors to disregard the remark. Appellant made a motion for a mistrial, arguing that the remark constituted an improper comment on appellant's failure to testify. The trial court denied appellant's motion.

We agree with the trial court that the remark, although improper, did not constitute a comment on appellant's failure to testify. The error is not reversible because the objection was sustained and a prompt curative instruction was given. *Klaver v. State,* 503 S.W.2d 946, 950 (Tenn.Crim.App. 1973). The jury is presumed to have followed the trial court's instructions. *Id.* This issue is overruled.

In his third issue, appellant contends that the trial court erred in ordering the two life sentences to be served consecutively. The evidence supports the trial court's finding appellant is a dangerous offender, one convicted of crimes that indicate he has little or no regard for human life, and no hesitation about committing a crime in which the risk of human life is

high. *Gray v. State,* 538 S.W.2d 391, 393 (Tenn.1976). Consecutive sentencing may properly be imposed on a dangerous offender, of which appellant, unarguably, was properly characterized. *Id.* This issue is overruled.

In the final issue, appellant asserts that the trial court erred by allowing photographs of the victims into evidence. As to the photograph of Mr. Venson, appellant concedes that he failed to object to its introduction. Absent a contemporaneous objection, appellant has waived any error pertaining to the introduction of this photograph. T.R.A.P. 36(a). As to the photographs of Mrs. Richardson, we find no prejudicial error in their admission. *State v. Strouth,* 620 S.W.2d 467 (Tenn.1981). The photograph taken before the offense occurred added little or nothing to the sum total of knowledge of the jury. The remaining photographs, showing the gunshot wounds, were relevant to the issue of premeditation. *See also State v. Dicks,* 615 S.W.2d 126 (Tenn.1981). This issue is overruled.

The judgment of the trial court is affirmed.

TATUM and TEMPLETON, JJ., concur.