# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9601-CR-00013 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN P. COLTON, JR. |
| TELLY M. SLAYON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (First Degree Murder) |

**FILED**

October 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

WALKER GWINN
Assistant Public Defender
201 Poplar Suite 2-01
Memphis, TN  38103

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
DENIELLE V. YOUNG
Legal Assistant
450 James Robertson Parkway
Nashville, TN  37243

WILLIAM L. GIBBONS
District Attorney General

JERRY KITCHEN
Assistant District Attorney
201 Poplar, Third Floor
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On February 10, 1995, Appellant Telly Slayton was found guilty by a Shelby County Criminal Court jury of murder in the perpetration of robbery in violation of Tennessee Code Annotated Section 39-13-202(2) (Supp. 1996). The trial court ordered a sentence of life imprisonment. On appeal, Appellant raises three issues for review: (1) whether the evidence presented at trial was sufficient as a matter of law to sustain the conviction; (2) whether the trial court erred in overruling Appellant's motion to suppress his statement given to police officers; and (3) whether the trial court erred in admitting, over Appellant's objection, a photograph of the victim taken while the victim was alive.

After a review of the record, we affirm the judgment of the trial court.

**Factual Background**

On the afternoon of August 6, 1992, the victim, Danny White, and his friend, Tom Smith, entered the B & B Grocery in Shelby County to play pool in the grocery store's poolroom located in the back of the store. On his way to the poolroom, the victim stopped at the cash register and purchased some cigarettes. The cash register attendant noticed that the victim had at least two hundred dollars with him. While the victim and Mr. Smith were in the poolroom, Appellant was seen entering the poolroom. Minutes later while Mr. Smith was in the bathroom, he overheard a demand for money, the victim's refusal, and a gunshot. Upon exiting the bathroom, Mr. Smith found his friend dead. The victim had been shot in the chest with a .38 caliber gun. Immediately after the shooting, Appellant

was seen wearing a ski mask running out of the store. Only sixty-five cents in change was found on the victim's body.

On August 7, 1995, Appellant, a juvenile and his mother agreed to go with the police to the police homicide department for questioning. Upon arriving at the police station, Appellant and his mother were taken to an interview room. Appellant was advised of his Miranda rights and signed a waiver of rights form. At some point during the questioning, Appellant's mother was asked to leave, and she left voluntarily. After questioning, Appellant indicated that he wanted to make a statement. Before giving his statement, Appellant's mother came back into the interview room and the police investigators again read Appellant his rights. Appellant then admitted to killing the victim because the victim had robbed him the day before the incident. The investigating officer testified that no threats or intimidation was used to obtain Appellant's statement. After a hearing on Appellant's motion to suppress, the trial court found that Appellant's confession was voluntary and admissible.

## I. Sufficiency of the Evidence

Appellant first claims that the evidence is insufficient, as a matter of law, to sustain the conviction for murder in the perpetration of robbery. When an appeal challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992), cert. denied, 114 S. Ct. 740 (1994); T.R.A P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be

drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, re-evaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). As the Supreme Court of Tennessee said in Bolin v. State:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

405 S.W.2d 768 (1966). Thus, a jury verdict is entitled to great weight.

Once approved by the trial court, a jury verdict accredits the witnesses presented by the State and resolves all conflicts in favor of the State. State v. Hatchett, 560 S.W.2d 627 (Tenn. 1978); State v. Townsend, 525 S.W.2d 842 (Tenn. 1975). The credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant then bears the burden of overcoming this presumption of guilt on appeal. State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977).

First-degree murder includes "[a] killing of another committed in the perpetration of or attempt to perpetrate any . . . robbery . . . ." Tenn. Code Ann. § 39-13-202(2). Appellant argues that the evidence submitted at trial is

insufficient to support his conviction because there was no "clear" evidence that he intended to rob the victim. Counsel for Appellant suggests the possibility that the victim lost the money he brought into the poolroom while gambling. Appellant also argues that Mr. Smith's testimony that he overheard someone demand money from the victim should not be believed because Mr. Smith was smoking crack in the bathroom when he supposedly overheard the demand. Furthermore, Appellant claims that no one identified the voices of either the person making the alleged demand for money or the victim's voice.

While Appellant's speculation about what could have happened to the victim's money is possible, the jury apparently believed Appellant took the money. In addition, the credibility of witnesses is entirely within the province of the jury. The fact that Mr. Smith was high on cocaine when he heard the demand for money was considered by the jury which nevertheless found Smith credible. Sheffield, 676 S.W.2d at 547. Finally, Appellant is incorrect in his assertion that no one identified the voice of the victim. Mr. Smith testified that while he was in the bathroom he heard the victim refuse a demand for money. Although no one identified Appellant's voice, Appellant was positively identified entering the poolroom minutes before the fatal shot was fired and immediately thereafter. Appellant admitted shooting the victim because the victim had allegedly robbed Appellant the day before the incident. The victim was seen with at least two hundred dollars before the shooting, and only sixty-five cents was found on the victim after the shooting. Clearly, the evidence was sufficient as a matter of law to support Appellant's conviction.

## II. Denial of Appellant's Motion to Suppress

Appellant next argues that the trial judge erred in denying his motion to suppress his statement given to the police. Appellant claims that the statement was not given voluntarily because he was only sixteen at the time of the statement, the police excluded his mother from questioning, and the police threatened him with the electric chair. The question before us is whether, under the totality of the circumstances, Appellant's confession was the result of a knowing and intelligent waiver of constitutional rights. State v. Gordan, 642 S.W.2d 742, 744 (Tenn. Crim. App. 1982). In making that determination, we are mindful that the trial court's findings on a motion to suppress are conclusive on appeal unless the evidence preponderates against those findings. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

In the instant case, the record reveals that Appellant was informed of his Miranda rights before being questioned. See Miranda v. Arizona, 86 S.Ct. 1602 (1966). After being informed of his Miranda rights, he signed a waiver of rights form. Appellant was asked if he understood these rights to which he responded affirmatively. Before Appellant gave his statement admitting to killing the victim he was again explained his Miranda rights. While Appellant claims that the investigating officer threatened him with the electric chair, the investigating officer denied ever making such a comment. Although Appellant's mother was not present throughout questioning, the voluntariness and admissibility of a juvenile's confession is not dependent upon the presence of his parents or an attorney at interrogation when full Miranda warnings have been given and understood. Braziel, 529 S.W.2d at 506. We find nothing in the record that preponderates against the trial court's findings that Appellant's statement was knowingly and voluntarily entered.

### III. Admissibility of Photograph of the Victim

Next Appellant argues that the trial judge erred in allowing the State to introduce a photograph of the victim taken while he was alive. The picture of the victim depicts the victim in his military uniform. Appellant contends that the photograph was not relevant and was overly prejudicial.

The admissibility of photographs lies within the sound discretion of the trial judge and will not be overturned on appeal except upon a clear showing of an abuse of discretion. State v. Banks, 564 S.W.2d 947, 949 (Tenn. 1978). Our courts have held that pictures of a homicide victim should not be admitted at trial because they are of tenuous relevancy. See, e.g., State v. Dicks, 615 S.W.2d 126, 128 (Tenn. 1981); State v. Strouth, 620 S.W.2d 467, 472 (Tenn. 1981); State v. Richardson, 697 S.W.2d 594, 597 (Tenn. Crim. App. 1985). As the court said in State v. Dicks, "it would have been better had the 'before' picture of [the victim] been excluded since it added little or nothing to the sum total of knowledge of the jury." 615 S.W.2d at 128.

Here, the relevance of the photograph of the victim taken while he was alive was minimal. However, in view of the overwhelming evidence that Appellant shot the victim, admission of this photograph was at most harmless error. Tenn. R. App. P. 36(b).

We conclude that the evidence was sufficient as a matter of law to sustain Appellant's conviction, that Appellant's statement to the police admitting to the shooting was voluntary, and that the admission of the photograph taken of the victim while he was alive did not constitute prejudicial error. The judgment of the trial court is therefore affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:



_____
JOE B. JONES, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE