**STATE of Tennessee, Appellee,**

v.

**Lonzell BOWERS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 14, 1987.

Permission to Appeal Denied by Supreme Court Feb. 1, 1988.

Mary Jo Middlebrooks, Middlebrooks & Gray, P.A., Jackson, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This record represents an appeal as of right by Lonzell Bowers from his conviction for first degree murder by the Criminal Court of Hardeman County. Appellant was sentenced to life imprisonment in the State penitentiary. Here, appellant presents three issues, challenging the sufficiency of the convicting evidence, the introduction into evidence of a transcript of a witness' testimony, and the introduction into evidence of a photograph of the deceased victim's body.

The material facts are as follows. In the early morning hours of June 2, 1985, the victim, Larry Allen, a/k/a Herbert Allen, the appellant and others were at the home of Mr. Lou Douglas who was celebrating his birthday. The record suggests that those present were drinking. It was the testimony of several witnesses that, in the course of the evening, the victim and the appellant argued and "got into it." A few moments later, the appellant went to his truck and returned to the house with a shotgun. Mr. Douglas testified that the appellant told him he was going to blow the victim's head off. Douglas instructed the appellant to leave.

The victim left Mr. Douglas' home with Ernest "Rooster" Hines around 2:30 a.m. The two men headed toward Hardeman County in Hines' truck. The appellant, accompanied by Robert "Bud" Robertson, left following the victim.

Mr. Hines and the victim stopped at the home of a Mr. Jarman in Hardeman County. The victim exited the truck as the appellant and Robertson arrived. Mr. Robertson got out and started walking toward Hines' truck when the appellant jumped out of the truck and called the victim's name. Appellant then fired his shotgun, striking the victim in the head, resulting in instantaneous death. The decedent was not armed.

The appellant then told Hines "he would blow [his] brains out" if he opened his mouth. He fled the scene. Later that morning, he was apprehended. When questioned by the authorities, he denied the fatal shooting. He later stated that the shooting incident was related to "something that happened way back when he [the

victim] shot through [the appellant's] house."

The appellant offered no proof.

ISSUE I.   Whether the evidence is sufficient to sustain the jury's verdict of guilty of the offense of first degree murder.

The appellant argues that the evidence is insufficient to support the jury's finding of premeditation or deliberation because the appellant was allegedly intoxicated.   We cannot agree.

■■■   Proof of intoxication alone is not a defense to a charge of committing a specific intent crime.   Rather, there must be some evidence that the intoxication deprived the accused of the mental capacity to form the requisite specific intent.   *Harrell v. State*, 593 S.W.2d 664, 672 (Tenn. Crim.App.1979).   In the case *sub judice*, appellant presented no proof whatsoever regarding the state of his alleged intoxication.   The testimony presented at trial indicated only that the victim and another individual were heavily intoxicated and that others were drinking.   There was no evidence presented depicting the appellant as unsteady on his feet, that his speech was slurred, or that he otherwise did not know what he was doing.

■■   Furthermore, the defense of intoxication negating specific intent is a question for the jury to determine.   *State v. Givens*, 631 S.W.2d 720, 721 (Tenn.Crim. App.1982).   After viewing the evidence in the light most favorable to the state any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.   *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2782, 61 L.Ed. 2d 560 (1979); Rule 13(e), Tenn.R.App.P.

The issue is without merit.

ISSUE II.   Whether the trial court erred in allowing into evidence the transcript of a tape recording of witness Robert "Bud" Robertson's prior testimony.

Due to the death of a Mr. Robert Robertson after the preliminary hearing but prior to trial, the court allowed a transcript of a tape recording of his prior sworn testimony at the preliminary hearing to be read into evidence during the *sub judice* trial.   Appellant contends that the admission of this evidence violated his right to confrontation under both the United States and Tennessee Constitutions.   We are not in accord with his contention.

■   The testimony in question was that of an eyewitness who clearly was unavailable at trial.   Secondly, the transcript admitted into evidence carries its own "indicia of reliability", is properly founded and is an appropriate exception to the hearsay rule. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 2539, 2542, 2543, 65 L.Ed.2d 597 (1980).   *See State v. Causby*, 706 S.W.2d 628, 631 (Tenn.1986).   Robertson's testimony at the preliminary hearing was given in court under oath, the appellant was present and was represented by counsel who represented the appellant at trial.   The record reveals that the witness was cross-examined at that hearing.

*For the foregoing reasons, the trial court did not err in admitting the transcript.   The issue is overruled.

ISSUE III.   Whether the trial court properly admitted into evidence a photograph of the deceased victim's body.

■   Appellant argues that a photograph of the victim's body as found at the scene was without any probative value and was prejudicial.   We find no basis for this argument.

■   The admissibility of the photograph is a matter committed to the sound discretion of the trial judge.   Absent a clear showing of abuse of that discretion, his ruling will not be overturned.   *State v. Banks*, 564 S.W.2d 947, 949 (Tenn.1978). The record reveals that the trial judge weighed the probative value of the photograph against any prejudicial effect and ruled that the photograph was admissible.

The trial judge did not find the photograph to be particularly gruesome or horrifying in nature.   The photograph was of

probative value in showing the murder scene, the condition of the victim, and that no weapon was upon the victim's person. *See State v. Melson,* 638 S.W.2d 342, 364–365 (Tenn.1982); *State v. Stout,* 666 S.W.2d 480, 483 (Tenn.Crim.App.1984).

The issue is overruled.

The appellant has presented no issues of merit. Accordingly, the judgment of the trial court is affirmed.

SCOTT, J., and LLOYD TATUM, Special Judge, concur.