STATE of Tennessee, Appellee,

v.

**Pamela Irene AUCOIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 5, 1988.

Permission to Appeal Denied by Supreme Court Aug. 29, 1988.

Michael A. Nolan, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield–Carter Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Robert L. Jolley, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

JONES, Judge.

The defendant, Pamela Irene Aucoin, was convicted of murder first degree by a jury of her peers; and she was sentenced to life imprisonment in the Department of Correction. She appealed as of right to this Court after the trial court denied her motion for a new trial. See Tenn.R.App. 3(b).

### SUFFICIENCY OF THE EVIDENCE

The defendant contends that if she is guilty of killing the victim, she is guilty of the offense of voluntary manslaughter, not murder first degree. She argues that there was sufficient provocation present because the victim had beaten her for an extended period of time immediately prior to the killing. We disagree.

The record reflects that the defendant killed the victim with a single-barrel .410 shotgun while the victim was in bed asleep. The first shot hit the victim in the neck. The gun was within a few inches of the victim's neck when it was fired. The defendant reloaded the gun and shot the victim in the left breast. The entry wounds left by the buckshot reveal that the gun was relatively close to the victim's chest when it was fired. The second shot severed the aorta due to the concentration of the buckshot; and the defendant bled to death.

Shortly after the defendant was given the *Miranda* warnings she voluntarily told the police: "I did it, I shot him, I premeditated it." Later, she told a detective at the police station the victim was asleep when she killed him. She stated she placed the shotgun against the defendant's neck and fired the weapon. When she noticed that the victim was still moving, she loaded the gun a second time and shot him in the chest.

The defendant's reliance upon the recent decision of *State v. Thornton*, 730 S.W.2d 309 (Tenn.1987), is misplaced. This case is clearly distinguishable from *Thornton* on the facts.

There is sufficient evidence contained in the record from which a rational trier of fact could conclude that the appellant was guilty of murder first degree. Tenn.R. App.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

This issue is without merit.

### THE MOTION TO SUPPRESS STATEMENTS

The defendant filed a pretrial motion to suppress the statements she made to the police. The motion alleged that the defendant was not fully advised of her *Miranda* rights, she did not waive her *Miranda* rights, the statements were involuntary, she was not taken before a magistrate in a timely fashion, and the statement given to Detective Jones was the fruit of the prior statements. The trial court denied the motion following an evidentiary hearing.

Parenthetically we note that the first mention of the need for a hearing regarding the motion to suppress was on the day

this case was set for trial. Defense counsel advised the trial court that he desired a hearing on the motion to suppress. The trial court advised counsel that the jury would be selected before he would conduct a hearing. When the voir dire proceedings were completed and a jury selected, the trial judge conducted a hearing on the merits of the motion.

■ When a party files a motion prior to trial, the motion is to be heard and determined before trial unless the trial judge, for good cause shown, directs that the hearing be deferred and the merits of the motion determined at a later date. Tenn.R. Crim.P. 12(e). The phrase "before trial," as used in the rule, means sometime earlier than the day the trial is to commence. *Bolton v. State,* 591 S.W.2d 446, 449 (Tenn. Crim.App.1979); *State v. Randolph,* 692 S.W.2d 37, 40 (Tenn.Crim.App.1985). See *State v. Smith,* 701 S.W.2d 216, 217 (Tenn. 1985); *State v. Hamilton,* 628 S.W.2d 742, 744 (Tenn.Crim.App.1981); *State v. Kinner,* 701 S.W.2d 224, 227 (Tenn.Crim.App. 1985). The reasons for this requirement were ably stated by Judge Tatum, now retired, in *Feagins v. State,* 596 S.W.2d 108, 110 (Tenn.Crim.App.1979).

■ When the defendant fails to bring a motion to the attention of the trial judge and have the trial judge rule upon the motion prior to trial, the defendant waives the issues raised in the motion. *State v. Burtis,* 664 S.W.2d 305, 310 (Tenn.Crim. App.1983). On the other hand, if the defendant asks for a hearing prior to trial, but the trial judge refuses to grant the defendant a hearing, the trial judge commits error unless the record reflects good cause for deferring the hearing on the motion. *Bolton v. State,* supra. In the case *sub judice* the record does not reflect that the defendant brought the motion to suppress to the attention of the trial judge prior to trial. As a result, this issue has been waived. *State v. Burtis,* supra. However, this Court opts to address this issue on the merits.

■ The evidence adduced at the suppression hearing reveals that the defendant was seated in the back seat of an automobile when the police arrived. The defendant was arrested after the officers determined the defendant was responsible for killing the victim. According to the officers, the defendant appeared to be calm when she was arrested. While the officers noticed a slight odor of an intoxicant, the defendant was not intoxicated.

Two officers advised the defendant of the *Miranda* warnings at the scene of the crime, and she acknowledged on both occasions that she understood her rights. Before being questioned by the officers, the defendant stated that the victim "had been beating on me" and "I done it, I killed him, I premeditated it."

A detective questioned the defendant at the police station. The detective had been to the scene of the crime, and he was aware that the defendant had given the *Miranda* warnings. While the officer was taking a personal history from the defendant, and before giving additional warnings, the defendant related that the victim, the defendant, and others had gone to a lounge where they indulged in the drinking of alcoholic beverages. When they returned home, the victim and the defendant had an argument. She stated she told the victim if he ever hit her again, she would kill him. The defendant further related that once the victim was asleep, she obtained a shotgun, loaded it, placed the barrel of the gun against the victim's neck, and pulled the trigger, causing the gun to discharge. When she saw the victim move, she loaded the gun and shot the victim in the chest. After making this oral statement the defendant advised the detective that she knew her rights and she wanted a lawyer before giving a written statement. The questioning ceased and the defendant was immediately placed in a cell.

The defendant did not present any evidence at the hearing.

The trial judge found the defendant had been properly advised of the *Miranda* warnings, and the police did not violate any of her rights. He ruled that the detective was not required to give the defendant further *Miranda* warnings since she had

been previously given the warnings and acknowledged that she understood them.

■ When there has been an evidentiary hearing on the merits of a motion to suppress, the findings of the trial judge have the weight of a jury verdict. Consequently, these findings are binding upon this Court unless the evidence contained in the record preponderates against the findings of the trial judge. *State v. O'Guinn*, 709 S.W.2d 561, 565–566 (Tenn.1986); *State v. Bobo*, 727 S.W.2d 945, 948 (Tenn.) *cert den.* — U.S. —, 108 S.Ct. 204, 98 L.Ed.2d 155 (1987); *State v. Walker*, 729 S.W.2d 272, 273 (Tenn.Crim.App.1986). In the case *sub judice* the evidence adduced at the suppression hearing overwhelmingly supports the findings of the trial judge that (a) the defendant was properly advised of her rights, and (b) she knowingly and voluntarily waived these rights. Thus, we must affirm the judgment of the trial court denying the defendant's motion to suppress. *State v. Chandler*, 547 S.W.2d 918, 922–923 (Tenn. 1977); *State v. O'Guinn*, supra; *State v. Bobo*, supra; *State v. Walker*, supra.

This issue is without merit.

## THE ADMISSIBILITY OF PHOTOGRAPHS

■ The defendant objected to the introduction of two photographs which portrayed the wounds inflicted to the victim's body. The first photograph depicted the wound to the victim's neck. The State offered this photograph to illustrate the closeness of the weapon to the defendant's body when the weapon was discharged. The second photograph was offered to illustrate the spread of the pellets that entered the victim's chest. The trial judge ruled that the photographs supported the State's theory of the killing. He further ruled that the probative value of the photographs outweighed their prejudicial effect; and he permitted the photographs to be introduced as evidence.

The admissibility of photographs rests within the sound discretion of the trial court. *State v. Banks*, 564 S.W.2d 947, 949 (Tenn.1978); *State v. Melson*, 638 S.W.2d 342 (Tenn.1982), cert. den. 459 U.S. 1137,

103 S.Ct. 770, 74 L.Ed.2d 983 (1983); *State v. Bowers*, 744 S.W.2d 588, 590 (Tenn.Crim. App.1987). This Court will not interfere with the exercise of this discretion absent a clear abuse by the trial court. *State v. Banks*, supra.

■ Before a photograph may be admitted as evidence, the photograph must be relevant to an issue; and the probative value of the photograph must outweigh any prejudicial effect that it may have upon the trier of fact. *State v. Banks*, supra; *State v. Gann*, 733 S.W.2d 113, 115 (Tenn.Crim.App.1987). In the case *sub judice* the photographs were relevant to the issue of whether the defendant (a) acted in self-defense and (b) should be convicted of murder first degree or a lesser included offense. See *State v. Harbison*, 704 S.W. 2d 314, 317 (Tenn.1986); *State v. Goad*, 707 S.W.2d 846, 850 (Tenn.1986); *State v. Richardson*, 697 S.W.2d 594, 597 (Tenn.Crim. App.1985). See *State v. Stout*, 666 S.W.2d 480, 483 (Tenn.Crim.App.1984); *State v. Bowers*, supra. In addition, the probative value of the photographs outweighed their prejudicial effect. *State v. Banks*, supra.

This issue is without merit.

## THE ADMISSIBILITY OF EVIDENCE CONCERNING THE DEFENDANT'S PRIOR MARRIAGES

The assistant district attorney general began his cross-examination of the defendant by asking questions concerning her prior marriages and relationships. When defense counsel interposed an objection to this line of questioning, the assistant district attorney general asserted that the defendant had indicated she could not leave this relationship, and evidence of her prior marriages and relationships was relevant to establish that she was able to separate or leave on each of these occasions. The trial judge ruled the State was entitled to "go into it as background to the defendant. When she takes the stand, she takes the stand for all purposes."

■ The scope of cross-examination is limited to matters which are material to issues raised by the parties, the credibility

of a witness, and the guilt or innocence of the accused. *Hayes v. State*, 130 Tenn. 661, 666, 172 S.W. 296, 297 (1914); *Gray v. State*, 191 Tenn. 526, 531, 235 S.W.2d 20, 22–23 (1950); *Monts v. State*, 214 Tenn. 171, 184, 379 S.W.2d 34, 40 (1964); *Hobbs v. State*, 3 Tenn.Crim.App. 238, 240, 460 S.W. 2d 377, 379 (1970); *Taylor v. State*, 551 S.W.2d 331, 335 (Tenn.Crim.App.1976); *State v. Braggs*, 604 S.W.2d 883, 886 (Tenn. Crim.App.1980). See D. Paine, *Tennessee Law of Evidence* § 188 (1974); *Tutor v. Bingham*, 545 S.W.2d 944, 945 (Tenn.App. 1976); *Bowers v. Thompson*, 688 S.W.2d 827, 831–832 (Tenn.App.1984). As a general rule, facts and circumstances concerning a witness's prior marriages and affairs are not admissible in a criminal prosecution unless it can be shown that the matters are relevant to an issue, the credibility of a witness, or the guilt or innocence of the accused. *Dickason v. State*, 139 Tenn. 601, 610, 202 S.W. 922, 925 (1918); *Gray v. State*, supra. See *Tutor v. Bingham*, supra.

■ Evidence of the defendant's prior marriages and relationships was not relevant to the issues which were to be decided by the jury. See *State v. Banks*, 564 S.W. 2d 947 (Tenn.1978). Contrary to the argument advanced by the State, the defendant did not testify or imply that she could not leave her relationship with the victim. Thus, it was error for the trial court to permit the introduction of this evidence over the objection of the defendant. However, this error was harmless. Tenn.R. App.P. 36(b); Tenn.R.Crim.P. 52(a). See *State v. Blevins*, 736 S.W.2d 120, 124 (Tenn.Crim.App.1987). The evidence of the defendant's guilt is overwhelming. Moreover, the defendant has failed to demonstrate how she was prejudiced by the introduction of this evidence. The assistant district attorney general questioned the defendant's expert witness at length about the information and data he had obtained from the defendant without objection. These questions elicited detailed information concerning each prior marriage and relationship.

This issue is without merit.

## EXCLUSION OF JANE VOEKEL'S TESTIMONY

■ The defendant called Jane Voekel as a witness for the purpose of proving acts of violence by the victim towards a third party. The trial judge sustained the objection made by the assistant district attorney general and ruled this testimony was not admissible.

The defendant was permitted to make an offer of proof. The witness related that the victim had lived with her family. During his stay it was discovered that he drank excessively, and he became angry when he drank to an excess. On one occasion he became angry following a concert when people began honking horns and hollering inside a garage. The defendant wanted to fight these individuals, and he had to be restrained to prevent his engaging in a fight.

This evidence was clearly not admissible. *Williams v. State*, 565 S.W.2d 503 (Tenn. 1978). In *Williams* our Supreme Court said that "[a] defendant who has laid a proper foundation by pleading and evidence presenting the issue of self-defense may testify as to what he has been told of recent violent acts committed by deceased against others. Such evidence cannot be adduced from witnesses other than defendant, as proof in chief, but may be offered as rebuttal, if the State presents evidence to disprove that defendant had received such information." 565 S.W.2d at 506. This Court has followed *Williams* in a number of cases. See *State v. Reynolds*, 666 S.W.2d 476, 479 (Tenn.Crim.App.1984); *State v. Haun*, 695 S.W.2d 546, 551 (Tenn. Crim.App.1985); *State v. DePriest*, 697 S.W.2d 597, 601–602 (Tenn.Crim.App.1985); *State v. Jones*, 729 S.W.2d 683, 686 (Tenn. Crim.App.1986). In summary, evidence of recent violent acts committed by the deceased against others may not be introduced by a witness other than the defendant during the defendant's case in chief.

The contention of the defendant that this witness should have been allowed to testify as to the victim's character and reputation has been waived. First, the appellant did

not raise this issue at trial. Tenn.R.App.P. 36(a). Second, this contention was not raised in the defendant's motion for a new trial. Tenn.R.App.P. 3(e).

This issue is without merit.

## ADMISSIBILITY OF MENTAL HEALTH RECORDS

■ The defendant sought to introduce the mental health records of the victim for the purpose of establishing the victim's propensity for violence. Attached to the report was a chart, entitled "Summary Scales," which indicates the victim had a clinical equivalent of "severe" regarding violence ideation. He also had a clinical equivalent of "severe" in the following categories: depression ideation and mood, alcohol abuse, and drug abuse. In a footnote found on the chart it is said:

> The Summary Scales are made up of items grouped on the basis of factor analysis of a reference group of 2001 newly admitted inpatients. The clinical equivalents *are estimates of the level of severity of each dimension. . . .* [Emphasis added.]

The assistant district attorney general objected to the introduction of the report and summary scales chart. The trial court sustained the objection. However, the trial court permitted the defendant to admit the report and summary scales for identification purposes. See *Graham v. State*, 547 S.W.2d 531, 536 (Tenn.1977). The defendant did not make an offer of proof. In this Court the defendant contends that these records should have been admitted to "show the character of the deceased for violence."

We parenthetically note this issue has been waived because the defendant has failed to cite authority in support of this issue. Tenn.R.App.P. 27(a)(7); Tenn.Ct. Crim.App. 10(b). The only case cited, *Fitzhugh v. State*, 81 Tenn. 258 (1884), does not address the question of the admissibility of the mental health records. The defendant cites this case for the general proposition that the character of the victim should be considered by the trier of fact in determining whether the defendant acted in self-defense.

The defendant was not entitled to have the records admitted into evidence over the objection of the State.

The defendant failed to establish the proper foundation for the admission of the records. The transcript transmitted to this Court is void of evidence concerning the mode of preparation, the entries were made in the regular course of business, and the entries were made at or near the time of the act, condition or event. T.C.A. § 24-7-111(c); *Neas v. Snapp*, 221 Tenn. 325, 426 S.W.2d 498 (1968). See *Graham v. State*, supra. As our Supreme Court said in *Neas v. Snapp*: "Every report or other writing is not admissible simply because it was made or rendered in the conduct of some business or profession. A compliance with all of the qualifications of the statute is a prerequisite to admissibility. . . ." 221 Tenn. at 330, 426 S.W.2d at 501.

The defendant also has failed to establish that she was prejudiced by the exclusion of this evidence. As the trial judge noted, the defendant testified she was aware that the victim was treated for alcohol and drug abuse, but did not testify regarding knowledge of treatment for his violent propensities. In addition, the report the defendant sought to introduce states in part: "In the examiner's judgment, this patient's potential for suicide is not significant, nor is his potential for violence." Moreover, the trial judge permitted the defendant to relate the victim's prior acts of violence towards her as well as acts of violence against third parties which had been related to her by others.

This issue is without merit.

## MENTAL EXAMINATION OF DEFENDANT

While the defendant was awaiting a preliminary hearing, she was examined by a court-appointed medical doctor. The doctor found that the defendant had a personality disorder. However, his examination revealed that the defendant was competent to

stand trial and was sane when she killed the victim.

On the 30th day of September, 1985, the defendant filed a motion asking the trial court to provide funding for the employment of two individuals, a psychologist and a social worker, to examine her and assist in the defense. The record reflects that a partial hearing was held on October 3, 1985. The assistant district attorney general suggested that the defendant should be examined by a court-appointed doctor. Defense counsel responded by arguing the defendant was entitled to an independent evaluation by private doctors to develop what he referred to as post-traumatic stress syndrome. This issue was again raised at a hearing on the 15th day of October, 1985. On this occasion defense counsel advised the court that he would need to request a psychiatric evaluation at some point. It was suggested that defense counsel prepare the appropriate order to have the defendant evaluated; and the court agreed to see that the defendant was evaluated at an appropriate mental health facility. The trial court urged defense counsel to file a motion for evaluation as quickly as possible so that an evaluation could be ordered immediately. However, no motion was filed nor order entered for a psychological examination.

On July 11, 1986, the defendant sought a continuance. The motion for continuance alleged that the defendant had been tested and evaluated by a clinical psychologist who had found that the defendant was suffering from a mental illness when she committed the offense in question. The motion was supported by the affidavit of the psychologist. The defendant also gave notice that she would assert the defense of insanity, and the defendant formally stated that the psychologist would be called as a witness to support the defense.

The motion again surfaced on the 31st day of January, 1987. Defense counsel advised the court that a motion date was needed to argue the motion for funding of psychological services. Again, the assistant district attorney general suggested that the defendant could be examined by court-appointed doctors. Defense counsel again asserted that the defendant was entitled, as a matter of right, to have an independent examination performed by private doctors selected by the defendant at the expense of the State. The court ordered the parties to file briefs in support of their positions, and the court would rule upon the merits of the motion. However, the matter did not surface until the morning of trial. Defense counsel asked for a ruling on the motion for funding of psychiatric services, and the trial judge advised counsel that he had denied the motion.

In this Court the defendant contends the trial court committed egregious error in denying her motion for funds to retain private psychologists and psychiatrists to develop the "battered woman" syndrome as well as a defense of insanity. In support of this contention the defendant cites T.C.A. § 40–14–207 (1987 Supp.) and *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).

■ The defendant's reliance upon T.C.A. § 40–14–207(b) (1987 Supp.) is misplaced. This statute provides in part: "In *capital cases* where the defendant has been found to be indigent by the court of record having jurisdiction of the case, such court in an *ex parte* hearing may in its discretion determine that investigative or expert services or other similar services are necessary to ensure that the constitutional rights of the defendant are properly protected." [Emphasis added.] Since the statute limits relief to capital cases, the trial court was without authority to grant the motion. *State v. Phillips,* 728 S.W.2d 21, 25 (Tenn.Crim.App.1986). The State did not seek the extreme penalty of death in this case.

■ The defendant's reliance upon *Ake v. Oklahoma,* supra, is likewise misplaced. In *Ake* the defendant was examined by a court-appointed psychiatrist to determine if he was competent to stand trial. The defendant was diagnosed as being a paranoid schizophrenic, and he was committed to a state hospital for treatment. When the defendant was found competent to stand trial, he relied on the defense of insanity.

He sought a psychiatric examination regarding his sanity at the time the offense was committed at state expense. The motion was denied. The United States Supreme Court held that "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one." 470 U.S. at 74, 105 S.Ct. at 1091, 84 L.Ed.2d at 60.

The laws of this State satisfy the requirements of *Ake* because the State of Tennessee provides access to a psychiatrist's assistance when the accused is indigent. However, an accused is not entitled to select his or her own psychiatrist or to receive funds to hire same. *State v. Lambert*, 741 S.W.2d 127, 131 (Tenn.Crim.App. 1987). In *Collins v. State*, 506 S.W.2d 179, 187 (Tenn.Crim.App.1973), this Court held that "[a]n accused clearly has no right to a 'psychiatric advocate.' "

■■■ In the case *sub judice* the defendant was offered an additional psychiatric examination at the expense of the State on numerous occasions, but the defendant failed to take the steps necessary to obtain such an examination. Moreover, the defendant was examined by a clinical psychologist; and the psychologist testified on behalf of the defendant. The psychologist testified that the defendant was insane when she killed the victim. Thus, the defendant was not prejudiced; and her constitutional rights were not violated in this regard. *Graham v. State*, 547 S.W.2d 531, 536 (Tenn.1977); *United States ex rel. Smith v. Baldi*, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed.2d 549 (1953); *Ake v. Oklahoma*, supra.

This issue is without merit.

### ADMISSIBILITY OF NEAL DYE'S TESTIMONY

■■■ The State called Dr. Neal Dye, a licensed clinical psychologist, to rebut the testimony of Dr. Leonard Miller, who testified for the defense. The defendant moved the trial court to exclude Dr. Dye as a witness on the ground the State failed to give the defendant notice that Dr. Dye would be called as a witness as well as the substance of his testimony. See Tenn.R. Crim.P. 16(a)(1)(D). The trial court denied the motion and permitted the witness to testify in rebuttal.

In this Court the defendant contends the trial judge committed error of prejudicial dimensions when he ruled the witness could testify. In support of her contention the defendant cites Rule 16(a)(1)(D), Tenn. R.Crim.P.

The defendant's reliance upon Rule 16(a)(1)(D), Tenn.R.Crim.P., is misplaced. The scope of this rule is limited to any "results or reports of physical or mental examinations, and of scientific tests or experiments" which are "material to the preparation of the defense or are intended for use by the State as evidence in chief at the trial." Since the rule specifically limits discovery to scientific reports, tests and experiments "intended for use by the State as evidence in chief," the defendant was not entitled to discovery of this information when it was introduced in rebuttal. See *United States v. Wells*, 525 F.2d 974 (5th Cir.1976); *United States v. Lambert*, 580 F.2d 740 (5th Cir.1978).

This issue is without merit.

### ADMISSIBILITY OF STATEMENT MADE BY CHARLOTTE BORUFF

■■■ Charlotte Boruff, the mother of the defendant, gave the police a statement during the course of their investigation. This statement was used by the assistant district attorney general to impeach Mrs. Boruff when she testified as a defense witness. When the State moved to introduce the statement as evidence, defense counsel objected to its introduction on the ground that the statement was admissible only through the testimony of the police officer who took the statement and not Mrs. Boruff. Counsel argued that Mrs. Boruff had testified a small segment of the statement was inaccurate. The trial judge overruled the objection, and the statement was admitted into evidence.

The State called the officer who took the statement in rebuttal. The officer identified the statement and attested to its accuracy.

In this Court the defendant contends the trial court committed error in ruling the statement could be admitted into evidence. The defendant argues that "it was not necessary to introduce the entire written statement or any part of it as the testimony of both witnesses was received regarding the wording of the statement" because "the written statement emphasized and accentuated ... [the police officer's] version of the statement to the prejudice of the Defendant."

This issue has been waived. First, the defendant has failed to cite authority in support of this issue. Tenn.R.App.P. 27(a)(7); Tenn.Ct.Crim.App. 10(b); *State v. Dakin*, 614 S.W.2d 812, 814 (Tenn.Crim. App.1980); *State v. Hawk*, 688 S.W.2d 467, 472, 473–474 (Tenn.Crim.App.1985). Second, a defendant may not object to the introduction of evidence on one ground, abandon this ground, and assert a new basis or ground for the objection in this Court. See *State v. Brock*, 678 S.W.2d 486, 489–490 (Tenn.Crim.App.1984); *State v. Galloway*, 696 S.W.2d 364, 368 (Tenn. Crim.App.1985).

■ The statement was clearly admissible for the limited purpose of impeaching Mrs. Boruff as a witness. While the State placed the proverbial cart before the horse in attempting to introduce the statement, any error in this regard was cured when the police officer who took the statement testified in rebuttal, identified the statement, and attested to its accuracy. Moreover, the defendant has failed to show how she was prejudiced by the premature introduction of the statement.

This issue is without merit.

### DENIAL OF SPECIAL REQUESTS

■ The defendant submitted a document entitled "Special Request for Jury Instruction" to the trial court. The document contained a series of paragraphs, all relating to the defense of self-defense, accompanied by a request that the trial court's charge regarding self-defense include these particular paragraphs. The trial court refused to give the special request because the charge, as given to the jury, covered all of the aspects included in the special request; and the instruction on self-defense, as included in the charge, was a proper statement of the law.

The defendant contends that the trial court committed error of prejudicial dimensions in refusing to give this special request. We disagree.

An examination of the charge given by the trial judge reveals that the instruction on self-defense included a full and complete explanation of the law governing self-defense. All of the issues raised in the special request were covered in great detail in the charge. Consequently, the trial judge did not commit error in refusing to incorporate the paragraphs submitted by the defendant into his charge. *Douglass v. State*, 213 Tenn. 643, 646, 378 S.W.2d 749, 750 (1964); *Gunn v. State*, 487 S.W.2d 666, 669 (Tenn.Crim.App.1972), cert. den. 410 U.S. 958, 93 S.Ct. 1427, 35 L.Ed.2d 692 (1973); *Hornsby v. State*, 479 S.W.2d 653, 655 (Tenn.Crim.App.1971).

This issue is without merit.

### DELIBERATION OF JURY BEFORE CHARGE

■ Before the trial judge charged the jury, the jury expressed a desire to see certain exhibits which had been introduced as evidence. According to the defendant, "[i]t was obvious from observing the jurors that they had been discussing the case and were checking their observations against the evidence." However, the record is silent on this issue. No hearing was conducted when the request was made, and the defendant did not offer any affidavits or evidence to support this conjecture.

This issue has been waived. The record does not reflect that the defendant interposed an objection, made a motion for a mistrial, or requested a curative instruction when the request was made and defense counsel made his observations. Tenn.R. App.P. 36(a). See *State v. Leach*, 684 S.W. 2d 655 (Tenn.Crim.App.1984); *State v. Rhoden*, 739 S.W.2d 6, 11 (Tenn.Crim.App. 1987).

**716**

The defendant argues that an objection was interposed, but it is not reflected in the record. This Court has warned that participation in off-the-record discussions or bench conferences may result in the waiver of an issue. *State v. Hammons*, 737 S.W.2d 549, 551 (Tenn. Crim.App.1987). Furthermore, when defense counsel read the record and discovered that the contemporaneous objection was not contained in the transcript, he should have brought this fact to the attention of the trial court so that a correction could be made. Tenn.R.App.P. 24(b). See *Artrip v. Crilley*, 688 S.W.2d 451, 453 (Tenn.App. 1985).

The defendant also asserts that this issue was raised again in the motion for a new trial and no one disputed that "the event had occurred." The record does not contain a transcript of the hearing on the motion for a new trial. Allegations contained in pleadings are not evidence. *Hillhaven Corp. v. State ex rel. Manor Care, Inc.*, 565 S.W.2d 210, 212 (Tenn. 1978); *Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 929 n. 5 (Tenn.App.1984). See *Trotter v. State*, 508 S.W.2d 808, 809 (Tenn.Crim.App.1974); *Davis v. State*, 673 S.W.2d 171, 173 (Tenn.Crim.App.1984); *State v. Rhoden*, supra.

This issue has also been waived because the defendant has failed to cite authority in support of this issue. Tenn.R.App.P. 27(a)(7); Tenn.Ct.Crim.App. 10(b); *State v. Dakin*, supra; *State v. Hawk*, supra.

This Court is precluded from considering the issue; and we must conclusively presume that the ruling of the trial court overruling this issue was correct. *State v. Jones*, 623 S.W.2d 129, 131 (Tenn.Crim. App.1981); *State v. Rhoden*, supra at 16.

This issue is without merit.

The judgment of the trial court is affirmed.

WADE, J., and RICHARD R. FORD, Special Judge.