IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session

## STATE OF TENNESSEE v. DAVID LEE and TREVA LEE

**Appeal from the Criminal Court for Dickson County**
**No. CR-3667     Leonard W. Martin, Judge**

---

**No. M1999-02471-CCA-R3-CD - Filed August 4, 2000**

---

In this appeal, defendants challenge the sufficiency of the convicting evidence. The defendants were convicted by a Dickson County jury of criminal trespass and fined $50. Upon a review of the record, we find the evidence is sufficient to sustain the convictions. Thus, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Theodora A. Pappas (on appeal) and Dale M. Quillen (at trial), Nashville, Tennessee, for the appellants, David Lee and Treva Lee.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The State's proof revealed that in 1979, the Stokes family property was purportedly deeded to Bobby Stokes by his parents. However, the deed was not signed by Mrs. Stokes. In 1993, Mrs. Stokes deeded her interest in the property to Bobby Stokes. Both deeds were registered. Subsequently, Mrs. Stokes died and left her estate to Bobby Stokes by will. County tax records show Bobby Stokes as the lawful owner of the property, and he has paid the taxes for a number of years.

The Stokes siblings entered into civil litigation concerning the validity of the deeds and will and ownership of the property. The property consists of approximately 206 acres, the family home, a stripping room, two tobacco barns, an old farmhouse, and two mobile homes. The subject of this dispute is the ownership of the old farmhouse.

Bobby Stokes testified that his brother, William Stokes, had lived in the old farmhouse for several years but had moved out of the house approximately seven years prior to the incident. He testified that William moved into a mobile home which was approximately twenty feet from the old farmhouse. William was living in the mobile home when the deed giving Bobby Stokes possession of the property was executed. About ten days prior to the incident in question, the mobile home was partially burned.

On April 14, 1997, Bobby Stokes encountered defendant Treva Lee, who was his sister, and one of his other sisters exiting the woods on the property. When he asked the two what they were doing on his property, the two responded that it was none of his business. The two further stated that they refused to recognize him as the owner of the property.

On April 15, 1997, Treva Lee and her husband, defendant David Lee, and William Stokes were on the property. William and David were standing on the porch of the mobile home when Bobby Stokes arrived. He told the Lees they were not welcome and asked them to leave. David Lee and Bobby Stokes entered into a verbal altercation, which resulted in Stokes telling the parties to vacate the property or he would "call the law." David Lee called Bobby Stokes a "hog headed son-of-a-bitch" and informed him they were not leaving. William Stokes and the defendants then went in the old farmhouse to wait for the authorities.

When sheriff's deputies arrived, they informed the three that it would be in their best interest to leave the premises. The three refused to leave. Thereafter, the officers informed Bobby Stokes that he might want to consider obtaining warrants against the defendants for criminal trespass. Stokes did so, but upon his return the Lees had left the premises. However, the next day they returned and were subsequently arrested.

At trial Treva Lee testified that she was aware the deeds gave Bobby Stokes possession of the property, and further acknowledged that she had read her mother's will, purporting to leave her estate to Bobby. However, she testified that she did not believe the deeds or will were valid, and that William Stokes had been in possession of his mobile home and the old farmhouse. She stated that William lived in the trailer in the winter and lived in the old farmhouse in the summer.

William Stokes testified that he had lived in the trailer for about ten years, but "off and on . . . I go down there [at the old farmhouse] every once in a while." He further testified that he was "using" both the trailer and the old farmhouse in April 1997, but actually lived in the trailer.

A Dickson County jury found defendants guilty of criminal trespass, and they were fined $50 each. In this appeal, they contend the evidence was insufficient to sustain their convictions for criminal trespass.

**STANDARD OF REVIEW**

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the State's witnesses and resolves all conflicts in favor of the State. State v.

Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which an appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). An appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

## SUFFICIENCY OF THE EVIDENCE

The defendants argue the State failed to present sufficient evidence to sustain their convictions for criminal trespass. Specifically, they assert William Stokes had property rights in the old farmhouse. It is the defendants' contention on appeal that William was a "tenant at will," and was in lawful possession of the farmhouse. They argue that William as a tenant at will had exclusive control over the property and an implied covenant of quiet enjoyment, which includes the right to have guests. In addition, they contend that because of the duration of the tenancy at will, the implication is that the tenancy was year to year; therefore, they argue six months was required to terminate the arrangement. Furthermore, they claim there is no indication either party intended to terminate the tenancy.

We first note that the defendants' arguments, as to the creation of a tenancy at will in William Stokes, were not raised at trial. The defendants' theory at trial was that William Stokes was in constructive possession of the property. There was no argument to the court or jury about a tenancy at will.[1] Instead, for the first time, defendants on appeal make a lengthy argument relating to the intricacies of the tenancy at will doctrine. A party may not take one position regarding an issue in the trial court and advocate a different ground or reason in this court. State v. Aucoin, 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988). Consequently, we decline to analyze the intricacies of the tenancy at will doctrine and consider that argument waived. *See* Tenn. R. App. P. 36(a).

A person commits a criminal trespass who "knowing he does not have the owner's effective consent to do so, enters or remains on property, or a portion thereof." Tenn. Code Ann. § 39-14-405(a). Knowledge that the person did not have the owner's effective consent may be inferred where

---

[1]Both the State and the defense waived final argument. The trial court instructed the jury pursuant to the pattern charge and, at defense counsel's request, defined "actual and constructive possession" pursuant to the comments section of the pattern charge. *See* T. P. I. – CRIM. 14.05 (4th ed. 1995).

notice against entering or remaining is given by personal communication to the person by the owner. Tenn. Code Ann. § 39-14-405(a)(1).

At trial, the defendants claimed the State failed to prove a violation of this statute because William Stokes was in constructive possession of the property. However, Treva Lee testified that she was aware of the two deeds which purported to give Bobby Stokes possession of the farm. In addition, she stated that she knew her mother's will left the entire estate to Bobby Stokes. While the evidence did reveal these documents were being contested by the other siblings, there was no proof that either the will or the deeds had been invalidated.

The jury also heard testimony from Bobby Stokes, who stated he was the owner of the property in question and further presented documentary evidence of ownership. In addition, he testified William had not lived in the old farmhouse for approximately seven years. Although the testimony of William Stokes and Treva Lee was somewhat contradictory to the testimony of Bobby Stokes, the issue of credibility was for the jury to determine.

Ownership of the property is a question of fact for the jury to consider in determining guilt. Furthermore, it is within the jury's discretion to resolve any conflicting testimony. *See generally*, State v. Cutshaw, 967 S.W.2d 332, 340 (Tenn. Crim. App. 1997). We conclude a rational juror could have found Bobby Stokes to be the lawful owner of the property and rejected the defendants' arguments; thus, we conclude the evidence was legally sufficient to support the defendants' convictions for criminal trespass.

The judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE