# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
December 11, 2001 Session

## STATE OF TENNESSEE v. CHARLES M. THOMAS

### Direct Appeal from the Criminal Court for Davidson County
No. 99-A-194      Steve R. Dozier, Judge

### No. M2000-02576-CCA-R3-CD - Filed January 23, 2002

The defendant, Charles M. Thomas, appeals his conviction for possession of greater than .5 grams of cocaine with the intent to sell and the trial court's order requiring his resulting ten-year sentence to be served consecutively to prior sentences. This case presents three issues for our determination: (1) whether evidence against the defendant was the fruit of an illegal detention and search; (2) whether the evidence was sufficient to support the defendant's conviction; and (3) whether the trial court erred by ordering the defendant's sentence to be served consecutively to his prior sentences. For the reasons set forth below, we conclude there is no reversible error; therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

V. Michael Fox, Nashville, Tennessee, for the appellant, Charles M. Thomas.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Derrick L. Scretchen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 24, 1998, Officer Brian Elsten was assisting other police officers who were conducting undercover drug operations. It was Officer Elsten's responsibility to chase any suspect who fled. The defendant was sitting on the porch of his grandmother's house when a suspect fleeing from Officer Elsten ran within eight feet of where the defendant was seated.

After the suspect was apprehended, Officer Elsten retraced the suspect's steps in an effort to locate any contraband the suspect may have discarded during the chase. Elsten testified fleeing suspects often throw contraband, which is picked up and hidden by other persons in an effort to

protect the suspects. Elsten approached the defendant and asked him if he had any drugs. When the defendant denied having drugs, Elsten asked if he could search the defendant. The defendant acceded to this request, and Elsten found a baggie containing ten rocks of cocaine weighing 1.1 grams in the defendant's sock. The defendant also had $151 cash in his pocket and a beeper in his waistband. Elsten testified the defendant indicated after his arrest that he was not employed.

Following a bench trial, the trial court convicted the defendant of possession of cocaine with intent to sell. The defendant was sentenced to ten years in the Department of Correction with the sentence to be served consecutively to prior sentences.

## SUPPRESSION OF EVIDENCE

The defendant maintains the evidence found in his sock should have been suppressed, arguing Officer Elsten lacked reasonable suspicion to detain him and his resulting consent to a search was involuntary. No motion to suppress is included in the record. The defendant posed no objection to the evidence during trial. The record does not contain any pre-trial proceedings or argument by defense counsel contesting the search. The only reference in the record to a motion to suppress was made by the trial judge just prior to announcing his verdict. The trial judge stated that three motions to suppress had been filed earlier, but defense counsel had not pursued them. Nevertheless, the trial judge indicated the motion to suppress would have been overruled based upon the evidence presented during trial.

We conclude the defendant failed to pursue a motion to suppress prior to trial as required by Tenn. R. Crim. P. 12(b)(3), thereby waiving this issue. State v. Aucoin, 756 S.W.2d 705, 709 (Tenn. Crim. App. 1988). In fact, nowhere in the record does the defendant challenge this evidence. Furthermore, he failed to include a motion to suppress in the record. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Therefore, this issue is waived.

## SUFFICIENCY OF THE EVIDENCE

The defendant further argues the state failed to prove beyond a reasonable doubt that he possessed cocaine with the intent to sell it, as required by Tenn. Code Ann. § 39-17-417(a)(4). We disagree.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the

witnesses' testimony are matters entrusted exclusively to the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

The trier of fact may infer from the amount of cocaine, along with relevant facts surrounding the arrest, that the cocaine was possessed for the purpose of selling it. Tenn. Code Ann. § 39-17-419. Officer Elsten testified he found ten rocks of cocaine, valued between $200 and $400, in a single baggie in the defendant's sock. He stated the drugs were divided into rocks worth $10, $20 or $40, which indicated they were for resale. The defendant also carried $151 in cash and a beeper. The defendant's responses to Officer Elsten's questions indicated the defendant was not employed. Officer Elsten testified the defendant was not carrying any drug paraphernalia associated with the use of crack cocaine, such as a crack pipe, rolling papers, lighters, or matches. He testified the defendant did not behave as if he had been using cocaine; did not exhibit the typical signs of having smoked crack cocaine; nor did he smell as if he had been smoking crack cocaine. Elsten stated he had never observed a crack cocaine user, or junkie, who carried more than one or two cocaine rocks. He explained a junkie usually smokes crack as soon as he or she obtains it. He further said junkies seldom carry large amounts of cash. For all of these reasons, we conclude there was sufficient proof for the trial judge, as the trier of fact, to infer that the defendant possessed the cocaine with the intent to sell it rather than use it. This issue is without merit.

## CONSECUTIVE SENTENCING

The defendant further argues the trial court erred in ordering his ten-year sentence to be served consecutively to his prior sentences. We disagree.

Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tenn. Code Ann. § 40-35-115(b)(4). State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are not required for the other categories of Tenn. Code Ann. § 40-35-115(b). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Id.* at 460 (citing Tenn. Code Ann. §§ 40-35-102(1) and 103(2)).

At the time of the offense, the defendant was serving seven years on community corrections for three felony drug offenses. The 24-year-old defendant testified he had sold drugs since he dropped out of high school at the age of fifteen. According to the defendant, he was adjudicated as a juvenile for an attempted burglary and as an accessory to a shooting. His adult criminal record includes the three prior felony drug convictions, an additional felony conviction for the sale of drugs, six misdemeanors, and nine traffic offenses. The presentence report indicated the defendant's employment history was sparse. He was employed for approximately four months prior to his arrest and held only two previous jobs for short periods of time.

The trial court found the defendant was a professional criminal and had an extensive record of criminal activity.  *See* Tenn. Code Ann. § 40-35-115(b)(1), (2).  It also found the present offense was committed while the defendant was on community corrections, thereby justifying consecutive sentencing.  *See* Tenn. Code Ann. § 40-35-115(b)(6).

Tennessee Code Annotated section 40-35-115(b)(6) allows the court to impose consecutive sentences where a defendant is on probation at the time a subsequent offense is committed. However, our state supreme court has held this factor cannot be used to order consecutive sentencing where a defendant was serving a sentence on community corrections because community corrections is not the equivalent of probation.  State v. Pettus, 986 S.W.2d 540, 544-545 (Tenn. 1999). Therefore, the trial court erred in applying Tenn. Code Ann. § 40-35-115(b)(6).

However, the trial court properly found other consecutive sentencing factors were applicable. The proof at sentencing established the defendant had four prior felonies, numerous misdemeanor convictions, and two juvenile adjudications.  This history of prior criminal convictions and activities supports the trial court's finding that the defendant had an extensive history of criminal acts and its application of Tenn. Code Ann. § 40-35-115(b)(2).  *See* State v. Palmer, 10 S.W.3d 638, 648-49 (Tenn. Crim. App. 1999).  Further, the proof established the defendant's work history was meager, and he sold drugs since he dropped out of high school as a teenager, which supports the trial court's finding that the defendant was a professional criminal under Tenn. Code Ann. § 40-35-115(b)(1). We also conclude the aggregate sentence was justly deserved in relation to the seriousness of the offenses and was not greater than that deserved.  *See* Lane, 3 S.W.3d at 460.  Thus, we decline to disturb the order for consecutive sentencing.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

-4-