IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION



FILED

February 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,     )     No. 02C01-9708-CR-00303
    )
       Appellee     )
    )
    )     SHELBY COUNTY
V.     )
    )     HON. JAMES C. BEASLEY,
ADAM D. BLACK,     )     JUDGE
    )
       Appellant.     )     (Attempted First Degree Murder)
    )
    )

For the Appellant:

A.C. Wharton
District Public Defender

Michael J. Johnson
Assistant Public Defender
201 Poplar Street, Suite 201
Memphis, TN 38103
(At trial)

Tony N. Brayton
Assistant Public Defender
(On appeal)

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Karen Cook
Assistant District Attorney
201 Poplar Street, Suite 301
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

William M. Barker, Special Judge

**OPINION**

The appellant, Adam D. Black, appeals as of right from his conviction in the Shelby County Criminal Court of attempted first degree murder. Appellant was sentenced to serve 40 years in the Department of Correction as a Range II offender.

On appeal, appellant argues that the evidence is insufficient to support his conviction and that the trial court erred in admitting certain hearsay statements. We have determined that appellant's arguments are without merit and affirm the judgment of the trial court.

About 5:00 p.m. on May 27, 1996, Terence Lee, the twenty-five-year-old victim, was playing basketball on the street near his home in Memphis. There were twelve young men present, who had been playing four-on-four games for about three hours. During that time, several of the young men[1] noticed a gray, two-door, T-top Buick drive by the game. There were three men inside the car. The car drove by twice and each time the occupants were gesturing and loud music was emanating from the vehicle. On the third pass-by, the car stopped and the occupants exited the vehicle. A man, who was later identified as appellant, got out of the backseat of the car. The passenger stood on the curb and the driver stood in the middle of the street.

Appellant had a heavy coat despite the fact that the weather was warm.[2] He began walking around the area where the men were playing basketball and remarked that he was "going to see his folks." Instead, however, he approached the victim, pulled a gun from under the coat, and put the gun to the victim's head. Appellant said, "You going to die today." The victim pushed the gun away and told appellant to "squash it." Appellant turned to walk away and the victim began to walk toward his house. Suddenly, appellant began firing the weapon at the victim from behind.

---

[1] Three eyewitnesses, Charles Taylor, Clay Mabon, and Coda Kuykendoll, as well as the victim, testified on behalf of the State.

[2] The testimony is unclear as to whether appellant was wearing the coat or merely carrying it.

Between eight and twelve shots were fired, four of which struck the victim. Two of the bullets struck the victim in each hip. The victim turned toward appellant when he heard the shots and one shot struck him in the arm and entered the side of his chest. As the victim turned again to run, a fourth shot struck him in the lower back and he fell to the ground. Appellant ran back to the car shouting, "It's not over with."

The victim underwent surgery and was hospitalized for twelve days as a result of his injuries. Because the bullet from the last shot lodged near the victim's spine, he is paralyzed from the waist down and is confined to a wheelchair. The victim testified that he knew appellant before the shooting, but had not had a previous altercation with him. He stated that he had no idea why appellant shot him and testified that he was not armed that day. On cross-examination, the victim stated that he had an altercation with an associate of appellant named Yaseem about a year before this incident. However, he testified that he and Yaseem had laughed and joked since that time.

Appellant did not testify and offered no proof at trial. The jury convicted him of attempted first degree murder. At a later sentencing hearing, the trial court found eight enhancement factors and one mitigating factor. The appellant was sentenced to serve the maximum term of 40 years as a Range II offender for the Class A felony. See Tenn. Code Ann. §40-35-112(b)(1) (1990).

Appellant first challenges the sufficiency of the evidence supporting his conviction. He argues that the proof of premeditation was inadequate because the State failed to demonstrate any planning activity prior to the shooting, nor did it suggest any motive for the killing. See State v. Gentry, 881 S.W.2d 1, 4-5 (Tenn. Crim. App. 1993). We conclude that the evidence is more than sufficient to support the conviction.

This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant

3

guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In our review, we must consider the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In order to prove criminal attempt, the prosecution must demonstrate that the accused acted with the "kind of culpability otherwise required for the offense." Tenn. Code Ann. §39-12-101(a) (1991). While intent was a necessary element, premeditation was the crucial element the State was required to prove to obtain a conviction for attempted first degree murder.[3] See Tenn. Code Ann. §39-13-202(a)(1) (Supp. 1996). Premeditation is an act done after the exercise of reflection and judgment and requires that the intent to kill must have been formed prior to the act itself. Tenn. Code Ann. §39-13-202(d) (Supp. 1996). Whether a homicide was premeditated is a factual determination for the jury and may be inferred from the manner and circumstances of the killing. State v. Bordis, 905 S.W.2d 214, 222 (Tenn. Crim. App. 1995).

The undisputed proof in this case was that appellant drove by the area where the victim was playing basketball three times before he exited the vehicle. Contrary to appellant's assertion, the jury could have reasonably inferred that appellant was surveying the scene and planning the assault during these drive-bys. He arrived at the scene armed with a concealed gun that was approximately a foot and a half long and approached the unarmed victim.

When appellant approached the victim, he declared his intent to kill by saying, "You going to die today." He then fired numerous shots at the victim as he tried to

---

[3]The State was not required to prove deliberation, since it was deleted as an element of first degree murder by the Legislature in 1995. Compare Tenn. Code Ann. §39-13-202(a)(1) (Supp. 1995) with Tenn. Code Ann. §39-13-202(a)(1) (Supp. 1994).

flee.[4] Appellant concedes that both the use of a deadly weapon on an unarmed victim and declarations of an intent to kill constitute circumstantial evidence of premeditation from which the jury could find the necessary state of mind. See State v. Brown, 836 S.W.2d 530, 541 (Tenn. 1992).

While the State was unable to show a motive for the shooting, that is but one of several factors to consider with regard to premeditation. Id.; Gentry, 881 S.W.2d at 4-5. In light of all of the evidence, the jury was justified in finding that appellant acted after the exercise of reflection and judgment and formed the intent to kill prior to firing the shots.

Appellant also argues that the trial court erred in admitting a hearsay statement as an excited utterance. He argues that the declarant was not under the stress or excitement of the event and the statements did not fall within the parameters of the hearsay exception. We disagree.

The State presented testimony from Officer Joel Bird of the Memphis Police Department during its case-in-chief. Officer Bird testified that he and his partner, Officer Tommy Tines, were the first officers to arrive at the scene, five to six minutes after receiving the shooting call. Upon their arrival, they immediately went to where the victim lay on the ground and Officer Tines spoke to him. Over appellant's objection, Officer Bird testified as follows:

> Q. What did the man who was laying there with an obvious gunshot wound to his shoulder tell you and Officer Tines?
>
> A. Officer Tines actually asked him, "Who shot you? Are you hurt?" And he responded, "Yes, I'm shot," and that Blackie did it. He asked, Officer Tines asked him, "Who shot you?" And he said, "Blackie."

At trial, appellant argued that the statement was not admissible as an excited utterance because of the length of time that had passed since the shooting. However,

---

[4]Three eyewitnesses to the shooting testified that between eight and ten shots were fired. The first police officer on the scene testified that he observed approximately twelve spent shell casings at the scene. Although the number of rounds fired by the appellant does not by itself establish premeditation, that evidence was relevant for the jury's consideration in conjunction with other proof. Brown, 836 S.W.2d at 543.

he now argues that Officer Tines, not the victim, was the declarant and he was not under any stress or excitement. Since appellant's theories have changed from that relied upon in the trial court, we consider the issue waived. State v. Matthews, 805 S.W.2d 776, 781 (Tenn. Crim. App. 1990); State v. Aucoin, 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988), cert. denied 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989). Nevertheless, in the interest of judicial economy, we will address the issue.

The fallacy in appellant's current argument is that Officer Tines was not the declarant. As the person who uttered the hearsay statements, the victim is considered the declarant. See Tenn. R. Evid. 801(b). Officer Bird was present and heard the victim make these statements. Appellant's argument would hold true only if Officer Tines had repeated the victim's statements to Officer Bird. That is not the case before us.

Having determined that the victim was the declarant, we have determined that the trial court properly admitted the hearsay statements as excited utterances. An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. See Tenn. R. Evid. 803(2). It is generally thought that the stressful condition precludes the opportunity for fabrication, thus ensuring the reliability of the statement. State v. Smith, 857 S.W.2d 1, 9 (Tenn.), cert. denied 510 U.S. 996, 114 S.Ct. 561, 126 L.Ed.2d 461 (1993).

According to Officer Bird's testimony, he and Tines were on the scene within five to six minutes after receiving the call. When they arrived on the scene, the victim was lying in a pool of blood and obviously suffering much pain. The paramedics had not yet arrived. The trial court properly found that the victim was still laboring under the stress and excitement of being shot numerous times, unquestionably a startling event. His statements, which related to the shooting, were correctly admitted under

6

the excited utterance exception to the hearsay rule.[5] State v. Summerall, 926 S.W.2d 272, 277-78 (Tenn. Crim. App. 1995) (admitting as excited utterances statements by the shooting victim identifying the defendant).

Appellant has failed to demonstrate that the evidence was insufficient or that the trial court erred in admitting the hearsay statements under the excited utterance exception. Accordingly, we affirm the judgment of the trial court with regard to appellant's conviction and sentence.

_____
William M. Barker, Special Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Joe G. Riley, Judge

---

[5]The mere fact that the statements were made in response to questions from Officer Tines does not preclude their classification as excited utterances. See State v. Gordon, 952 S.W.2d 817, 820-21 (Tenn. 1997); Smith, 857 S.W.2d at 9; State v. Binion, 947 S.W.2d 867, 873-74 n.4 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. 1997).