IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2006

## CIONDRE T. MOORE, ALIAS, CIONDRE T. PORTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 61945, 62956, 61327A   Richard R. Baumgartner, Judge**

---

**No. E2005-02492-CCA-R3-CD - Filed September 18, 2006**

---

The Defendant, Ciondre T. Moore, alias, Ciondre T. Porter, was convicted in three separate cases of multiple offenses and sentenced to twelve years of intensive probation.  Subsequently, two violation of probation warrants were issued, and the Defendant pled guilty to violating his probation. He then filed a pro se motion alleging that the trial court had made a clerical error by not giving him sentencing credit for the time that he had served on probation.  The trial court denied the motion after a hearing.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES, and J.C. MCLIN JJ., joined.

Ciondre T. Moore, alias, Ciondre T. Porter, alias, pro se, Henning, Tennessee

Paul G. Summers, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Randall E. Nichols, District Attorney General; Paula R. Gentry, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I.  Facts

On August 28, 1996, the Knox County Grand Jury indicted the Defendant, Ciondre T. Moore, alias, Ciondre T. Porter, John Doe, in case numbers 61327A and B, with one count of selling .5 grams or more of cocaine within 1000 feet of a public school and one count of delivering .5 grams or more of cocaine within 1000 feet of a public school.  On December 18, 1996, the grand jury indicted the Defendant in case number 61945 with attempted first degree murder, attempted aggravated robbery, and aggravated robbery.  On May 21, 1997, the grand jury indicted the Defendant in case number 62956 with possession of more than .5 grams of cocaine with intent to sell, possession of more than .5 grams of cocaine with intent to deliver, simple possession of marijuana, and driving without a driver's license.

On June 21, 1999, the Defendant pled guilty to possession of less than .5 grams of cocaine with intent to sell in case number 61327A, attempted second degree murder in case number 61945, and possession of less than .5 grams of cocaine with intent to sell in case number 62956. On September 10, 1999, the trial court sentenced the Defendant, as a Range I offender, to four years for each of the drug convictions and to eight years for the attempted second degree murder conviction. The court ordered that the two drug sentences be served concurrently to each other but consecutively to the attempted second degree murder sentence. The court further ordered that all of the sentences be served on intensive probation.

In March of 2000, the trial court ordered that the Defendant be transferred from intensive probation to regular probation. On September 22, 2004, and October 4, 2004, probation violation warrants were issued in cases 61327A, 62956, and 61945 based on the Defendant's arrest for driving on a revoked license and possession of a Schedule VI drug, marijuana, with intent to sell. During the revocation hearing on January 21, 2005, the Defendant pled guilty, and his probation was revoked. On August 15, 2005, the Defendant filed a "Brief and Memorandum of Law in Support of Motion Under Rules of Criminal Procedure." In that memorandum, the Defendant requested, "pursuant to Tennessee Rules of Criminal Procedure, -36-," that the trial court correct a "clerical mistake[]." The Defendant averred that the trial court mistakenly did not give him sentencing credit for the time that he spent on probation, and he asked the trial court to correct the mistake. The trial court filed an order denying this motion on September 21, 2005. The Defendant now appeals.

## II. Analysis

On appeal the Defendant contends that the trial court erred when it denied his motion to correct a clerical mistake and give him credit for time he spent on probation. Additionally, for the first time on appeal, the Defendant makes the following post-conviction claims: (1) that he was illegally placed on probation because the maximum sentences for each of his convictions exceeded ten years, making him ineligible for probation; (2) that the trial court failed to notify him about the revocation hearing; (3) that he should have been better advised on the conditions of his probation when he was transferred from enhanced probation to regular probation; and (4) that the trial court erred when it failed to modify the conditions of his probation when the Defendant was transferred from enhanced supervised probation to regular probation. The State argues that the trial court did not abuse its discretion when it revoked his probation and reinstated his original sentence.

In the trial court's order denying the Defendant's motion it found:

> Petitioner, [Ciondre T. Moore, alias, Ciondre T. Porter, alias,] proceeding pro se, has filed a pleading which in essence requests that the court file an amended judgment and give [P]etitioner credit for his "street time" or time that he was on probation not in revocation status. The court finds this motion is not well taken for the reasons set below:

At all material times the [P]etitioner was on release into the community after conviction, he was on State Probation and not the Community Alternative to Prison Program or any other program. Therefore, upon revocation of State Probation, [P]etitioner is required to serve his sentence and is not given any credit for time he was actually on probation, but is given the time he was in actual custody. Therefore, the [P]etitioner's motion to be credited with his "street time" is denied.

According to Rule 3(b) of the Tennessee Rules of Appellate Procedure, a defendant may appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding. Tenn. R. App. P. 3(b). To pursue his direct appeal under Rule 3, the Defendant was required to file a notice of appeal within 30 days of January 21, 2005, the date that the judgment revoking his probation was entered. The Defendant failed to file a timely notice of appeal of that order.

The Defendant's argument before the trial court was based primarily on the "clerical mistake" rule found in Rule 36 of the Tennessee Rules of Criminal Procedure. Rule 36 states, "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time . . . ." Thus, the trial court would have had jurisdiction to correct a clerical mistake on the judgment forms even thought the judgment had become final. The Defendant, however, does not have an appeal as of right from this judgment by the trial court. Rule 3(b) of the Tennessee Rules of Appellate Procedure governs the circumstances in which a defendant has an appeal as of right. Rule 3(b) reads:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if [certain specified circumstances exist]. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). The judgment at issue in this case is not "a judgment of conviction, . . . an order denying or revoking probation, [or] a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Thus, the trial court's judgment dismissing the Defendant's petition is not covered by Rule 3, and the Defendant does not have an appeal as of right. See Jonathan Malcolm Malone v. State, No. M2004-02826-CCA-R3-CO, 2005 WL 1330792, at *1-2 (Tenn. Crim. App., at Nashville, June 6, 2005), *no Tenn. R. App. P. 11 application filed*; State v. Greg Smith, No. E2003-01092-CCA-R3-CD, 2004 WL 305805 (Tenn. Crim. App., at Knoxville, Feb. 18, 2004), *no Tenn. R. App. P. 11 application filed*.

Assuming, *arguendo*, that the Defendant was entitled to an appeal, he would still not be entitled to the relief that he seeks. The trial court implicitly determined that there were no clerical mistakes on the judgment form. Upon finding that the defendant has violated the conditions of

probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); Tenn. Code Ann. § 40-35-310 (2003); Tenn. Code Ann. § 40-35-311(e) (2003); Tenn. Code Ann. § 40-35- 308(c) (2003). The trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." Tenn. Code Ann. § 40-35-311(e); State v. Hunter, 1 S.W.3d at 646 (holding that the trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement).

The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). Defendants convicted of crimes are not entitled to credit against their sentences for time spent on probation. The time a convicted person spends on probation, commonly called "street time," is not time spent serving a prison sentence, and once a court revokes any probation, that "street time" does not operate to reduce the originally imposed sentence. Hunter, 1 S.W.3d at 648; State v. Austin, No. 01C01-9512-CC-00431, 1996 WL 594092, at *1 (Tenn. Crim. App., at Nashville, Oct.17, 1996), *no Tenn. R. App. P. 11 application filed*; see Young v. State, 539 S.W.2d 850, 854-55 (Tenn. Crim. App. 1976). Therefore, the Defendant is not entitled to sentencing credit for the time that he spent on probation. There is no provision in the statutes regarding probation for the relief sought by the Defendant. See State v. Watts, No. 01C01-9810-CR-00394, 1999 WL 679675, *2 (Tenn. Crim. App., at Nashville, Aug. 31, 1999), *no Tenn. R. App. P. 11 application filed*.

Ordinarily, issues raised for the first time on appeal are waived. It has long been established that an appellate court will not consider an issue raised for the first time in the appellate court. Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983); State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996). Nor may a defendant litigate an issue in the trial court on one ground, abandon the ground, and assert a new basis or ground for his contention in this court. State v. Matthews, 805 S.W.2d 776, 781 (Tenn. Crim. App. 1990); State v. Aucoin, 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988); State v. Brock, 678 S.W.2d 486, 489-90 (Tenn. Crim. App. 1984). Although this Court may, in certain circumstances, address as plain error an issue that would otherwise be waived, we conclude that the application of the plain error doctrine is not appropriate in the instant case. Tenn. R. App. P. 13(b); State v. Adkisson, 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994). Because the Defendant failed to raise his other contentions before the trial court, he waived those issues and is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE