IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
On Brief February 2, 2010

## CLARENCE EDWARD SPINKS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 17640     Clayburn Peeples, Judge**

---

**No. W2009-01801-CCA-R3-PC  - Filed May 26, 2010**

---

After being indicted by the Gibson County Grand Jury, Petitioner, Clarence Edward Spinks, pled guilty on May 7, 2007, to three offenses.  He was sentenced to an eight-year sentence, and the trial court ordered that sentence to be served consecutively to a previously-imposed sentence.  On January 21, 2009, Petitioner filed a petition for post-conviction relief.  The post-conviction court conducted a hearing to determine whether the petition was timely. Petitioner admitted that the petition was filed more than a year after the statute of limitations had run.  The post-conviction court dismissed the petition based upon the statute of limitations.  On appeal, Petitioner argues that the post-conviction court erred in dismissing his petition.  After a thorough review of the record, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed**.

JERRY L. SMITH, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Jeffrey A. Smith, Trenton, Tennessee, for the appellant, Clarence Edward Spinks.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Garry Brown, District Attorney General, and Stephanie Hale, Assistant District Attorney General for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On May 7, 2007, Petitioner pled guilty to one count of possession of cocaine with intent to deliver or sell, one count of attempt to tamper with evidence, and one count of aggravated assault. Petitioner was sentenced to an effective sentence of eight years to be served at 30%. The trial court ordered that this sentence be served consecutively to a previously-imposed, eight-year sentence. On January 21, 2009, Petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel. Counsel was appointed. Petitioner conceded that the petition was filed outside the one year statute of limitations. Petitioner did not argue or present proof regarding the tolling of the statute. The post-conviction court dismissed the petition based upon the fact that it violated the statute of limitations. Petitioner filed a timely notice of appeal.

**ANALYSIS**

Petitioner argues that the trial court incorrectly dismissed his petition. The State argues that the post-conviction court was correct in its dismissal based upon the statute of limitations.

In its order, the post-conviction court stated that the petition was filed outside of the one year statute of limitations as set out at Tennessee Code Annotated section 40-30-102(a). Since July 1, 1995, the statute of limitations for filing a petition for post-conviction relief has been one year from the date of the final action of the highest state appellate court to which an appeal is taken. T.C.A. § 40-30-102(a).

There are three statutory exceptions to the statute of limitations in post-conviction matters. These exceptions are set forth in Tennessee Code Annotated section 40-30-102(b)(1), (2) & (3): (1) claims based on an appellate court ruling concerning a constitutional right not recognized at the time of the trial and given retroactive effect by the appellate courts; (2) claims based upon newly discovered evidence which establishes that the petitioner is actually innocent of the crime; and (3) claims which arise out of a situation where the petitioner received an enhanced sentence for a crime based on previous convictions which were later held to be invalid.

The petitioner relies on *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), to support his argument. *Sands* is one of a line of cases including *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001) and *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992), analyzing when due process

limitations toll the statute of limitations. In all three of those cases, our supreme court decided that the statute of limitations for post-conviction relief could be tolled in the factual situations presented in those cases. In *Burford*, the petitioner's sentence was being enhanced by previous convictions that had subsequently been declared invalid, but not in time for him to meet the statute of limitations for filing his post-conviction petition. *Burford*, 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Burford*, 845 S.W.2d at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

> [I]t will be helpful to summarize the basic rule to be derived from *Burford*: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken" – or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the convictions process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301.

Initially we address the fact that Petitioner argues on appeal that due process requires the tolling of the statute of limitations. He contends that his trial counsel guaranteed him that he would only serve thirty percent of his sentence. He claims he realized after the statute ran that trial counsel cannot make such a guarantee. Therefore, he argues that these facts constitute a later-arising ground as set out in *Sands*.

However, we are precluded from addressing the merits of Petitioner's claims that the situation constitutes a later-arising ground because this argument was not presented to the lower court. The record before us fails to establish a due process basis for tolling the statute of limitations.

Moreover, it is well-established in this State that a party may not take one position regarding an issue in the trial court, change its strategy or theory in midstream, and advocate a different ground or reason in this Court. *See State v. Aucoin*, 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988), *cert. denied*, 489 U.S. 1084 (1988); *State v. Dobbins*, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988).

Based upon the record presented, the one-year statute started running on May 7, 2007, when Petitioner pled guilty to the offenses in question. Therefore, Petitioner had until May 7, 2008 to file his petition. The petition was filed January 21, 2009, eight months after the statute had run. The Court finds that the petition is time-barred by the applicable one-year statute of limitations, and fails to meet any of the statutorily recognized exceptions to the statute of limitations.[1]

It is therefore the opinion of the Court that the Petitioner's petition for post-conviction relief should be dismissed.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's dismissal of the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE

---

[1]We note that the original petition for post-conviction relief does not appear in the record, only an amended petition is included. However, it is undisputed that the original petition was filed outside the statute of limitations.